## THE G. A. STILLWELL.

## THE WYOMISSING.

## HAROLD L. VALENTINE, Inc., v. THE WYOMISSING.

### No. 16306.

District Court, E. D. New York.
July 30, 1942.

Purdy & Lamb, of New York City (Vincent A. Catoggio, Jr., of New York City, of counsel), for libellant.

Macklin, Brown, Lenahan & Speer, of New York City (Gerald J. McKernan, of New York City, of counsel), for claimant.

CAMPBELL, District Judge.

Late at night on the 7th–8th of February, 1940, the Steamtug "Wyomissing" was making up a tow at the rack for light boats at 96th Street, East River, New York City, Manhattan, and the Steamtug "Overbrook"

was making up a tow at the same rack just beyond her, and in doing so was drilling boats inside and beyond where the "Wyomissing" was making up her tow.

The "Wyomissing" had three boats abreast made fast to each other, the "G. A. Stillwell" being the inshore boat the "Mohawk" the center boat, and the "Babe Ruth" the outside boat with a line from the "Mohawk" to the Tracy boat "Cape Barry". With these boats all light, lying as aforesaid, the "Wyomissing" went to the north end of the rack to get another barge, the "Ditmas", which was lying close to the rack on its north end. The "Wyomissing's" deckhand went on board the "Ditmas" and the "Wyomissing" had the boat on the outside of the "Ditmas" get a line out, and after that the "Ditmas" cleared that boat, and the "Wyomissing" put the other boats in and tied them up.

A tug, the "Overbrook" had been making up a tow at the middle of the rack, and had been putting in at least one boat, not put in by the "Wyomissing", and drilling boats below, and inside the "G. A. Stillwell", "Mohawk" and the "Babe Ruth".

While the "Wyomissing" was taking out the "Ditmas" to put her in the tow the "Wyomissing" was making up, the Pilot of the "Overbrook", which was making up her tow, blew the regular Reading signal, and the Pilot of the "Wyomissing" asked the Pilot of the "Overbrook" what he wanted, and he answered that there were some boats adrift astern of her tow. The Pilot of the "Wyomissing" told him that he had a boat coming out with a deckhand on her, and that as soon as he got the boat alongside he would go down to see what he could do to take care of the boats that were drifting.

The "Overbrook", at the time she blew the Reading signal to the "Wyomissing", had hawsers on her tow moving them out.

The "Wyomissing", at the time the signal was given by the "Overbrook", had the "Ditmas" with the "Wyomissing's" deckhand on board coming out, and could not leave the "Ditmas" as she would have gone adrift, and could not have left without securing the barges she held up to allow the "Ditmas" to pass out.

The three boats "G. A. Stillwell", "Mohawk", and the "Babe Ruth" made fast to each other in one tier with the "Cape Barry", to which the "Mohawk" had a line, drifted down the river together, and struck the rocks off Welfare Island, and received some damage.

The "Wyomissing", having taken the "Ditmas" out from 96th Street, picked her up and proceeded after the drifting boats, including the "G. A. Stillwell", which she found with the other boats in Newtown Creek.

At the time that the barges broke adrift, the "Wyomissing" had not made up her tow, nor started on the voyage, but had made them fast one to the other, and the center boat to the "Cape Barry", another boat at the rack. This was a common custom, as was also the making up of tows at that rack, and in so doing, for the tugs of several companies to put in and drill out the boats they were looking for, and to push up and make fast the boats remaining.

No lines on any of the said boats broke, and without interference by some other tug, no reason can be found for such boats going adrift.

■ The boats were not in tow of the "Wyomissing", as the tow had not yet been made up. therefore, there is no presumption of negligence on the part of the "Wyomissing" because of the stranding of the boats, in fact the "G. A. Stillwell" was while at the rack immediately before going adrift almost at the same place where she had originally been left by a Russell tug.

■ The "Wyomissing" was not an insurer, and no recovery can be had against her, without showing negligence, and the burden to show such negligence rests on the libellant.

■ It is true that no one has said that he saw the eyes of the cables thrown off, or whether they were lifted off in any other way, but it is clearly shown that no lines parted and, therefore, there was no negligence on the part of the "Wyomissing".

No negligence was shown by the "Wyomissing" leaving the three boats made fast on one line to the "Cape Barry" while making up the tow, as that line never parted, in fact the three barges drifted made fast to the "Cape Barry".

■ The "Wyomissing" was not guilty of negligence in going after the barge "Ditmas" to bring her out and put her in the tow, as that was the common custom at that rack.

■ The three barges had gone adrift without any negligence on the part of the "Wyomissing", and the "Wyomissing" was not guilty of negligence in not leaving the "Ditmas" to go adrift, and go immediately to the assistance of the boats that had gone

adrift, including the "G. A. Stillwell" when informed that they had gone adrift.

The "Wyomissing" was not at fault in standing by when the barges were found and allowing another boat to place them in a suitable position.

The following cases, cited by libellant, are clearly distinguished on the facts, as in this case the "Wyomissing" had not made up her tow, and the barge in question was not in tow. The Reichert Line, 2 Cir., 64 F.2d 13; The Stirling Tomkins, 2 Cir., 56 F.2d 740, 742; The Clarence P. Howland, 2 Cir., 16 F.2d 25.

The case of The Daly No. 48 (The Russell No. 2) D.C., 45 F.Supp. 279, 1942 A.M.C. 581, cited by libellant, is clearly distinguished on the facts, as in this case the line on which the barges hung, did not part.

There is no evidence to show that the "G. A. Stillwell" was not properly moored, nor what caused the boats, including the "G. A. Stillwell", to go adrift.

Defendant is entitled to a decree dismissing the libel with costs.